# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SANDRA K. KRAUSE,                          )
                                           )
                Plaintiff,                 )        Case No. 2:13-cv-00976-APG-CWH
                                           )
vs.                                        )        **ORDER**
                                           )
NEVADA MUTUAL INSURANCE CO., *et al*.,     )
                                           )
                Defendants.                )
_____)

This matter is before the Court on Defendants' Second Motion to Seal Motion to Dismiss #8 (#15), Second Motion to Seal Exhibits to Motion to Dismiss #10 (#16), Second Motion to Seal Notice of Removal #1 (#17), and Second Motion to Seal Motion to Consolidate #6 (#18), all filed on June 14, 2013. The Court also considered Plaintiff's Response (#24), filed on June 24, 2013 and Defendants' Reply (#30), filed on July 12, 2013.

## BACKGROUND

Defendants Nevada Mutual Insurance Company ("NMIC") and Charles J. Wallace ("Wallace") previously filed motions to seal, which the Court denied without prejudice on June 4, 2013. *See* Order #12. In their prior motions to seal (## 2, 5, 9, and 11), Defendants relied on a protective order (##47-48) in a related case, 2:12-cv-00342-JCM-CWH, to request that the Petition for Removal (#1), Motion to Consolidate (#6), Motion to Dismiss (#8), and Declaration (#10) be filed under seal due to the confidential information contained in those documents. The Court noted that Defendants failed to provide the appropriate points and authorities to support sealing the documents and ordered that new motions would be due by June 14, 2013. The Court will now review the second motions to seal.

**DISCUSSION**

**I.    Sealing Standard**

Fed. R. Civ. P. 26(c) permits the court in which an action is pending to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party or a person from whom discovery is sought.  The burden of persuasion under Fed. R. Civ. P. 26(c) is on the party seeking the protective order.  *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  To meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought.  *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning."  *Id., citing Cipollone v. Liggett*.  "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that prejudice or harm will result if no protective order is granted."  *Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003), *citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999).

In *Seattle Times Co. v. Rhinehart*, the Supreme Court interpreted the language of Fed. R. Civ. P. 26(c) conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  467 U.S. 20, 36 (1984).  The Supreme Court acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery.  The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."  *Id.*  Although the trial court has broad discretion in fashioning protective orders, the Supreme Court has also recognized "a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978).  However, the common law right to inspect and copy judicial records is not absolute.  *Id.*  Thus, the Supreme Court concluded, "[e]very court has supervisory power of its own records and files, and access has been denied where the court files might have become a vehicle for improper purposes."  *Id.*

**A.    The Presumption of Public Access**

2

1    Unless court records are of the type "traditionally kept secret" the Ninth Circuit recognizes a

2  "strong presumption in favor of access." *Foltz v. State Farm Mutual Auto Insurance Company*, 331

3  F.3d 1122, 1135 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  Grand jury

4  transcripts and warrant materials involved in pre-indictment investigations are two categories of

5  documents and records which have "traditionally been kept secret for important policy reasons."

6  *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).  Although the federal

7  common law right of access exists, it "does not mandate disclosure in all cases."  *San Jose Mercury*

8  *News, Inc.*, 187 F.3d at 1102.  The strong presumption in favor of public access recognized by the

9  Ninth Circuit "can be overcome by sufficiently important countervailing interests."  *Id.*

10                     **1.    Pretrial Discovery**

11    In the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the

12  absence of a court order to the contrary, presumptively public."  *San Jose Mercury News v. United*

13  *States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Thus, the Ninth Circuit concluded,

14  "[g]enerally, the public can gain access to litigation documents and information produced during

15  discovery unless the party opposing disclosure shows 'good cause' why a protective order is

16  necessary."  *Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002).  "For good cause to

17  exist, the party seeking protection bears the burden of showing specific prejudice or harm will result

18  if no protective order is granted."  *Id.* at 1210-11.  Or, as the Ninth Circuit articulated the standard in

19  *Foltz*, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material

20  in question is a trade secret or other confidential information within the scope of Rule 26(c) and (2)

21  disclosure would cause an identifiable, significant harm."  *Foltz* at 1131, quoting *Deford v. Schmid*

22  *Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987).  "If a court finds particularized harm will result

23  from disclosure of information to the public, then it balances the public and private interests to

24  decide whether a protective order is necessary."  *Id.* at 1211 (citing *Glenmede Trust Co. v.*

25  *Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

26                     **2.    Sealed Discovery Documents**

27    In *Phillips*, the Ninth Circuit carved out an exception to the presumption of public access,

28  holding that the presumption does not apply to materials filed with the court under seal subject to a

1    valid protective order.  307 F.3d at 1213.  The *Phillips* decision relied on the *Seattle Times* decision

2    in concluding that protective orders restricting disclosure of discovery materials which are not

3    admitted in evidence do not violate the public right of access to traditionally public sources of

4    information.  *Id.* at 1213 (*quoting, Seattle Times,* 467 U.S. at 33.  The Ninth Circuit reasoned that

5    the presumption of public access was rebutted because a district court had already determined that

6    good cause existed to protect the information from public disclosure by balancing the need for

7    discovery against the need for confidentiality in issuing the protective order.  *Id.*  Therefore, "when a

8    party attaches a sealed discovery document to a non-dispositive motion, the usual presumption of

9    the public's right of access is rebutted."

10                           **3.      Materials Attached to Dispositive Motions**

11           The Ninth Circuit comprehensively examined the presumption of public access to judicial

12   files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

13   There, the court recognized that different interests are at stake in preserving the secrecy of materials

14   produced during discovery and materials attached to dispositive motions.  Citing *Phillips* and *Foltz*,

15   the *Kamakana* decision reiterated that a protective order issued under the Rule 26(c) may be issued

16   once a particularized showing of good cause exists for preserving the secrecy of discovery materials.

17   "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of

18   private parties."  447 F.3d at 1180.

19           The *Kamakana* court, therefore, held that a "good cause" showing is sufficient to seal

20   documents produced in discovery.  *Id.*  However, the *Kamakana* decision also held that a showing

21   of "compelling reasons" is needed to support the secrecy of documents attached to dispositive

22   motions.  A showing of "good cause" does not, without more, satisfy the "compelling reasons" test

23   required to maintain the secrecy of documents attached to dispositive motions.  *Id.*  The court found

24   that:

25                 Different interests are at stake with the right of access than with
                   Rule 26(c); with the former, the private interests of the litigants are
26                 not the only weights on the scale.  Unlike private materials unearthed
                   during discovery, judicial records are public documents almost by
27                 definition, and the public is entitled to access by default.  (Citation
                   omitted).  This fact sharply tips the balance in favor of production
28                 when a document formally sealed for good cause under Rule 26(c)

                                                    4

> becomes part of the judicial record. Thus, a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

*Id. Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, citing, *Foltz*, 331 F.3d at 1136. To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

## II.   Second Motions to Seal

No stipulation or motion for a protective order has been filed in this action. As a result, Defendants reference the Protective Order (##48-49) governing discovery in the related case, 2:12-cv-00342-JCM-CWH, as the basis for designating specific information confidential and thus, to be filed under seal in this action. More specifically, Defendants cite to Section VII, which provides that "Confidential" information and "Confidential Material" may only be disclosed to persons in the following categories: (a) parties' counsel; (b) parties to the Litigation; (c) experts, (d) copying or other litigation support services, and (e) court and court personnel. *See* Defs' Mot. #15, 3. In response, Plaintiff contends that Defendants have failed to articulate particularized good cause and compelling reasons that would justify sealing the documents at issue. The Court will now undertake an individualized review of each of the documents that Defendants request be sealed in accordance with the standards articulated above.

### A.   Motion to Dismiss (#8)

Defendants seek to seal their Motion to Dismiss (#8) because they claim that it contains reference to and quotes from the First Amended Complaint. They allege that Plaintiff filed the First

5

1   Amended Complaint in this action in violation of the Protective Order (##48-49) operative in the

2   related action because it contains confidential information.  Particularly, Defendants identify the

3   confidential information as: (1) details concerning the business relationship between Trean

4   Corporation and Communication Resource Group, Inc. and (2) testimony concerning internal

5   discussions between Defendants NMIC and Wallace on sensitive regulatory, claims, and litigation

6   matters.  Defendants assert that the public's interest in this information is outweighed by their

7   interest in keeping sensitive business information confidential.  Additionally, Defendants contend

8   that Plaintiff is improperly using discovery in the related action to proceed with this action.

9         Motions to dismiss are typically treated as dispositive and thus, the presumption in favor of

10   public access applies.  *See In re PPA Products Liability Litigation*, 460 F.3d 1217, 1231 (9th Cir.

11   2006).  The Court finds that Defendants have failed to meet their burden of articulating a

12   "compelling reason" why the Motion to Dismiss should be sealed.  *Kamakana*, 447 F.3d at 1179.

13   Defendants cite no authority for the proposition that a protective order in another case would govern

14   information in this case.  As a result, the good cause standard is not applicable and they must

15   provide articulable facts to support a compelling reason to seal the Motion to Dismiss.  *See BT*

16   *Collective v. IP Holdings, LLC*, 2011 WL 5873388 (S.D. Cal. Nov. 23, 2011) (finding the

17   presumption of public access to judicial records does not detach merely because of the existence of

18   a protective order and an independent justification for sealing such records is required).

19         Defendants' generalized allegation that the information in the First Amended Complaint,

20   which is the subject of the Motion to Dismiss, is confidential does not suffice to meet this high

21   standard.  Defendants conclude that some information in the First Amended Complaint and,

22   therefore, the Motion to Dismiss is confidential.  In doing so, they define "confidential" by citing a

23   protective order governing the exchange of discovery information in a separate case.  This mistaken

24   reliance on a protective order not operative in this case does not constitute a compelling reason.

25   Moreover, Defendants fail to identify which information they are referencing.  This broad allegation

26   of confidentiality fails to meet the standard articulated in *Kamakana* because Defendants do not

27   explain how the information would, for example, gratify private spite, permit public scandal,

28   circulate libelous statements, or release trade secrets.  447 F.3d at 1179; *see F.T.C. v. AMG Services,*

1     *Inc.*, 2012 WL 3562027 (D. Nev. Aug. 15, 2012) (finding a declaration attached to plaintiff's

2     motion for preliminary injunction should not be sealed because defendants' generalized statement

3     that it contains confidential commercial and business information did not constitute a compelling

4     reason).  Additionally, Defendants' lack of specificity also prevents the Court from clearly

5     determining whether a more narrowly tailored sealing order would be warranted if such information

6     would harm Defendants' competitive standing.  *See Asdale v. Int'l Game Techonolgy*, 2010 WL

7     2161930 (D. Nev. May 28, 2010) (sealing dispositive motions based on compelling reasons that

8     they reference attorney-client privileged information, work-product, and proprietary information);

9     *see also Dannebring v. Wynn Las Vegas, LLC*, 2013 WL 2460401 (D. Nev. June 6, 2013) (redacting

10     documents found confidential pursuant to the protective order operative in the case).  Defendants'

11     alternative argument that Plaintiff is improperly using discovery from the related case to pursue this

12     case is similarly unsubstantiated by specific examples or articulated reasoning.  Accordingly, the

13     Court will deny Defendant's request to seal the Motion to Dismiss (#8).

14            **B.**     **Exhibits to Motion to Dismiss (#10)**

15           Defendants seek to seal the First Amended Complaint and Jury Demand, copies of Plaintiff's

16     W2s, and excerpts from Plaintiff's deposition taken on June 30, 2010, which are attached to the

17     Declaration of Jack Chen Min Juan in Support of Defendants' Motion to Dismiss.  They allege that

18     information in the First Amended Complaint is confidential pursuant to the protective order in the

19     related case.  Defendants also contend that Plaintiff's W2s contain private financial information

20     related to her earnings and payroll records of a defendant in the related action.  Finally, Defendants

21     insist that Plaintiff's deposition testimony was designed as confidential in the course of litigation in

22     the related action.

23           The Court previously found that sealing the First Amended Complaint was not justified by a

24     compelling reason in the above discussion and will not restate those findings.  Similarly, Defendants

25     fail to articulate a compelling reason to seal Plaintiff's W2s and deposition testimony.  As noted

26     above, no protective order has been entered in this case governing the confidentiality of discovery

27     information.  Moreover, documents attached to a dispositive motion, such as a motion to dismiss,

28     must be supported by a compelling reason to seal that is more than a conclusory allegation that they

1   are confidential or private.  Defendants cite no authority for the proposition that the Court is bound

2   by the designation of confidentiality in another case.  In fact, the Court finds that merely because a

3   document is designated confidential for discovery purposes does not mean it is automatically sealed

4   under *Kamakana*'s higher compelling reasons standard.  Courts have found that a defendant's

5   failure to identify with particularity which information is confidential results in guesswork that they

6   should not engage in.  *See Williams v. U.S. Bank National Association*, 2013 WL 3119055 (E.D.

7   Cal. June 20, 2013).  Accordingly, the Court will not engage in impermissible conjecture with

8   respect to Plaintiff's W2s and deposition testimony when Defendants have failed to articulate a

9   compelling reason to seal such documents.[1]  With respect to Plaintiff's W2s and deposition

10  testimony, the Court encourages the parties to meet and confer regarding a protective order for

11  exchanging discovery in this case and submit a proposed protective order to the Court.  Therefore,

12  the Court will deny Defendants' request to seal Exhibits included in their Declaration in Support of

13  the Motion to Dismiss (#10).

14         **C.    Notice of Removal (#1)**

15         Defendants seek to seal Exhibit 2 to the Notice of Removal (#1), which is Plaintiff's First

16  Amended Complaint and Demand for Jury.  They allege that Exhibit 2 contains information and

17  deposition testimony that the parties agreed to keep confidential under the protective order in the

18  related case.  Further, Defendants argue that Plaintiff did more than note the existence of a contract

19  between Trean Corporation and its subcontractor, but rather, she also cited details about who signed

20  the contract, their capacities, specific dates, and details regarding amendments.  They contend this

21  type of information gives competitors the ability to access and use information for competitive

22  purposes.

23         Defendants cite *United Rentals Inc. v. Ahern Rentals, Inc.*, 2012 WL 5418355 (D. Nev. Nov.

24

25  ───────────────

26  [1] The Court notes that pursuant to Special Order No. 108, the parties shall refrain from including
    social security numbers, names of minor children, dates of birth, financial account numbers, and home

27  addresses in documents filed with the Court.  Defendants broad allegation of private financial
    information fails to identify whether such information is included in the exhibits and therefore, would

28  probably be subject to redaction or sealing.

8

2, 2012), for the proposition that a complaint may be sealed when it contains confidential information subject to a settlement agreement.  That situation, where a term of the settlement agreement was confidentiality, is easily distinguished from this case, where the parties are engaged in litigation without a protective order and the dispute is not over a settlement agreement.  Moreover, Plaintiff contends that the alleged confidential information regarding Wallace's relationships and pay is already public information by virtue of his 2002 and 2003 testimony to the Nevada Legislature and NMIC's filings with the Nevada Division of Insurance.  *See* Pla.'s Resp. #24, 7.  Further, the Court is unable to determine based on Defendants' limited argument how competitors may obtain a competitive advantage through the disclosure of this information.  Defendants have not specifically alleged that trade secrets or proprietary information are at issue nor identified the particularized harm that would result upon disclosure of the information.  As a result, Defendants have failed to carry their burden under even the lesser good cause standard to seal documents attached to a non-dispositive motion.  Accordingly, the Court will deny Defendant's request to seal the First Amended Complaint attached to the Notice of Removal (#1).

### D.   Motion to Consolidate (#6)

Defendants also seek to seal Plaintiff's First Amended Complaint included in Defendants' Motion to Consolidate (#6).  They articulate the same justification as previously discussed with respect to the Notice of Removal.  The same reasoning applies and the Court will deny Defendant's request to seal the First Amended Complaint cited in the Motion to Consolidate (#6).

In conclusion, in assessing whether to seal a dispositive motion or document attached to a dispositive motion, the court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (citations, internal quotations, and modifications omitted).  If the court decides to seal such a document, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  Generally, Defendants claim that the dispositive motions at issue contain confidential information that should be sealed because there is a protective order in a related case, among other reasons.  Their claim is fatally flawed because they did not provide the Court

1   with specific factual information to overcome the public's right of access.  As a result, Defendants
2   failed to carry their burden under *Kamakana's* good cause and compelling reasons standards and the
3   Court will deny their requests to seal.  *Id.*

4          Based on the foregoing and good cause appearing therefore,

5          **IT IS HEREBY ORDERED** that Defendants' Second Motion to Seal Motion to Dismiss
6   #8 (#15), Second Motion to Seal Exhibits to Motion to Dismiss #10 (#16), Second Motion to Seal
7   Notice of Removal #1 (#17), and Second Motion to Seal Motion to Consolidate #6 (#18) are
8   **denied**.

9          **IT IS FURTHER ORDERED** that the Clerk of the Court shall unseal the Petition for
10  Removal (#1), Motion to Consolidate (#6), Motion to Dismiss (#8), and Declaration (#10).

11         DATED this 16th day of July, 2013.

12
13                                        _____
14                                        **C.W. Hoffman, Jr.**
                                          **United States Magistrate Judge**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10