1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

SANDRA K. KRAUSE,

          Plaintiff,

        v.

NEVADA MUTUAL INSURANCE
COMPANY, CHARLES J. WALLACE,

          Defendants.

Case No. 2:13-cv-00976-APG-CWH

**ORDER GRANTING MOTION TO REMAND
AND DENYING MOTION TO DISMISS**

(Dkt. Nos. 8, 23, 26)

## I.    BACKGROUND

The parties are aware of the procedural and factual background of this case. In short, Sandra Krause brought two claims of wrongful discharge in violation of public policy in Nevada state court against Nevada Mutual Insurance Company and its then-director and consultant Charles Wallace. Krause was the vice president of claims for Nevada Mutual during the relevant times. Wrongful discharge is a state-law claim.

Krause contends that "[p]rotecting the integrity of [the] medical insurance claim process is an important public policy in Nevada." [Dkt. No. 1-2 at 11.] She alleges Nevada Mutual and Wallace engaged in improper and unethical conduct related to conflicts of interest, corporate transparency, insurance claims processing, and litigation tactics. Krause asserts she raised concerns to her superiors "because she reasonably believed that the Defendant's actions might be or were unethical, illegal, violation[s] of statutory insurance regulations, violations of state and federal laws (discrimination and retaliation) and contrary to public policy." [*Id.* at 12.] She also asserts she refused to sign settlement documents in a bankruptcy proceeding because she "did not believe [the documents] were accurate and proper." [*Id.* at 15.] In response, she alleges, Nevada

1    Mutual made her work environment so intolerable that her resignation amounted to constructive

2    discharge.

3          Defendants removed the case to this Court under the "artful pleading" doctrine, on the

4    basis that Krause's claims necessarily raise substantial, disputed issues of federal law. [Dkt. No.

5    1.] Defendants argue that Nevada law bars a wrongful discharge claim if the conduct at issue is

6    actionable under existing statutory remedies. Next, Defendants argue that Title VII[1] provides a

7    statutory remedy for the precise conduct of which Krause complains, thereby precluding her

8    wrongful discharge claim. Defendants also contend that Krause's allegations concerning the

9    aborted bankruptcy-related settlement necessitate an interpretation of federal bankruptcy law.

10         Presently before the Court are Krause's motion to remand (Dkt. No. 26), Defendants'

11    motion to dismiss (Dkt. No. 8), and Defendants' request for a hearing on its motion to dismiss

12    (Dkt. No. 23.)

13

14    **II.**    **ANALYSIS**

15       **A.**    **Removal Jurisdiction**

16         A defendant may remove "any civil action brought in a State court of which of which the

17    district courts of the United States have original jurisdiction."[2] District courts have original

18    jurisdiction over "federal question cases—civil actions that arise under the Constitution, laws, or

19    treaties of the United States."[3] However, the Ninth Circuit "strictly construe[s] the removal

20    statute against removal jurisdiction."[4] "Federal jurisdiction must be rejected if there is any doubt

21    as to the right of removal in the first instance."[5] "The strong presumption against removal

22    jurisdiction means that the defendant always has the burden of establishing that removal is

23

24         [1] 42 U.S.C. §§ 2000e–2000e-17.

25         [2] 28 U.S.C. § 1441(a).

26         [3] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing 28 U.S.C. § 1331).

27         [4] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

28         [5] *Id.*

proper."[6]  Whether Defendants met their burden to establish removal jurisdiction depends on the
operation of the artful pleading doctrine.

### B.   Well-Pleaded Complaint Rule

In *Lippitt v. Raymond James Financial Services, Inc.*,[7] the Ninth Circuit thoroughly
articulated the artful pleading doctrine, which arises from the well-pleaded complaint rule.  The
well-pleaded complaint rule is a "fundamental tenet of federal jurisdiction."[8]  It "is a 'powerful
doctrine that severely limits the number of cases in which state law 'creates the cause of action'
that may be initiated in or removed to federal district court[.]'"[9]  This doctrine provides:

> Whether a case is one arising under the Constitution or a law or treaty of the
> United States . . . must be determined from what necessarily appears in the
> plaintiff's statement of his own claim in the bill or declaration, unaided by
> anything alleged in anticipation of avoidance of defenses which it is thought the
> defendant might interpose.[10]

The Court's first task "is to determine whether the face of [Krause's] complaint contains
any allegations that would render her cause of action one that 'arises' under federal law."[11]  The
answer is clearly no, as Defendants readily admit.  Rather, Defendants assert that the wrongful
discharge claims—state-law claims on their face—necessitate interpretation of federal law.

### C.   Artful Pleading Doctrine

"Although the face of [Krause's] complaint does not present a claim arising under federal
law to warrant subject matter jurisdiction, [the Court's] inquiry does not end there."[12]  "The artful
pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that although the

---

[6] *Id.* (internal quotation marks and citation omitted).

[7] 340 F.3d 1033 (9th Cir. 2003).

[8] *Id.* at 1039 (internal quotation marks and citation omitted).

[9] *Id.* at 1039–40 (quoting *Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983)).

[10] *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914).

[11] *Lippitt*, 340 F.3d at 1040.

[12] *Id.* at 1041.

1  plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from

2  the complaint allegations of federal law that are *essential* to the establishment of his claim."[13]

3      "Under the artful pleading doctrine, 'a plaintiff may not defeat removal by omitting to

4  plead *necessary* federal questions in a complaint.'"[14] "The artful pleading doctrine allows courts

5  to delve beyond the face of the state court complaint and find federal question jurisdiction by

6  recharacterizing a plaintiff's state-law claim as a federal claim."[15] Notably, "[c]ourts should

7  invoke the doctrine only in limited circumstances as it raises difficult issues of state and federal

8  relationships and often yields unsatisfactory results."[16]

9      Courts have used the artful pleading doctrine in two broad categories of cases:

10 (1) complete preemption cases; and (2) substantial federal question cases.[17] "Subsumed within

11 this second category are those cases where the claim is necessarily federal in character, . . . or

12 where the right to relief depends on the resolution of a substantial, disputed federal question."[18]

13     This is not a "complete preemption" case, so the essential question is whether either of

14 Krause's wrongful termination claims is necessarily federal in character or depends on the

15 resolution of a substantial, disputed federal question. To answer this question, an understanding

16 of wrongful discharge under Nevada law is necessary.

17     The essence of a tortious discharge is the wrongful, usually retaliatory, interruption
18 of employment by means which are deemed to be contrary to the public policy of
   this state. The prototypical tortious discharge case is found in *Hansen v. Harrah's*,
   100 Nev. 60 (1984), in which an employee claimed to have been discharged to
19 penalize him because he had filed a worker's compensation claim. . . . Comparable
   tortious discharges may arise when an employer dismisses an employee in
20 retaliation for the employee's doing of acts which are consistent with or supportive
   of sound public policy and the common good.[19]

21
   Likewise,
22

23     [13] *Id.* (internal quotation marks and citation omitted, emphasis added).

24     [14] *Id.* (quoting *Franchise Tax Bd.*, 463 U.S. at 22) (emphasis added).

25     [15] *Id.* (internal quotation marks and citations omitted).

26     [16] *Id.* (internal quotation marks and citations omitted).

       [17] *Id.*
27
       [18] *Id.* at 1041–42 (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986)).
28
       [19] *D'Angelo v. Gardner*, 107 Nev. 704, 718 (1991).

[tortious discharge] cases involve employer-employee confrontations in which the employee, in opposition to the employer's directions or policies, *does* something or *refuses* to do something that public policy entitles or empowers the employee to do or not to do. When an employer dismisses an employee *for* the employee's performing or refusing to perform public policy-favored actions, then an action for tortious discharge arises.[20]

Defendants first contend that Title VII provides a statutory remedy for the wrongful conduct about which Krause complains, thereby barring her wrongful discharge claim. If this is true, then Krause has simply pled a non-cognizable state-law claim. The state court is certainly capable of recognizing and addressing this. This Court need not recharacterize Krause's state-law claim into a federal claim merely because it may fail in state court.

Defendants next contend that Krause has pled a cognizable retaliation claim under Title VII. The facts may support a Title VII retaliation claim, but two factors counsel against the Court's recharacterization of Krause's claims into Title VII claims. First, she is presently litigating a Title VII case in this Court;[21] there seems to be no need to litigate the same issue twice. Second, her wrongful discharge claims do not depend on retaliation for behavior protected under Title VII. Interpreting the Supreme Court's decision in *Christianson v. Colt Industries Operating Corp.,* the Sixth Circuit persuasively stated: "*Christianson* suggests that there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question."[22] Krause alleges retaliation on the basis of her internal complaints concerning corporate malfeasance and improper insurance claims processing. These alleged bases for retaliation do not involve a federal question. Furthermore, Krause's mere reference to federal anti-discrimination laws is insufficient to make her claim depend upon those laws.[23]

---

[20] *Bigelow v. Bullard*, 111 Nev. 1178, 1185 (1995) (emphasis in original).

[21] *Krause v. Nev. Mut. Ins. Co.*, No. 2:12-cv-00342-JCM-CWH.

[22] *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 760 (6th Cir. 2000) (citing *Christianson v. Colt Ind. Operating Corp.*, 486 U.S. 800, 809–10 (1988)).

[23] *See Merrell Dow*, 478 U.S. at 808 (It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

1        Finally, Defendants argue that assessing Krause's and Defendants' conduct surrounding

2 Krause's refusal to sign a bankruptcy-related settlement agreement requires interpretation of

3 federal bankruptcy law.  The Court disagrees.  Other than pointing out that bankruptcy law is

4 federal, Defendants have not met their burden of explaining how the resolution of any particular

5 aspect of bankruptcy law is necessary or essential for the resolution of Krause's wrongful

6 discharge claim.  To prevail, Krause must prove that her behavior was consistent with sound

7 public policy or the common good.[24]  The state court is capable of determining whether refusing

8 to sign a document with incorrect data (and thereby possibly perpetuating a fraud upon the other

9 parties and/or the bankruptcy court) is protected behavior under state law without resorting to an

10 interpretation of bankruptcy law.  And even if an interpretation of bankruptcy law is needed,

11 Defendants have not demonstrated how that interpretation would be necessary or essential to

12 Krause's claims.[25]

13        Moreover, reliance on the artful pleading doctrine to establish removal jurisdiction is

14 disfavored.[26]  This is not one of the "limited circumstances" in which that reliance is properly

15 invoked.

16

## III.   CONCLUSION

18        In accord with the above, the Court GRANTS Krause's motion to remand (Dkt. No. 26).

19 The Court thus DENIES as moot Defendants' motion to dismiss (Dkt. No. 8) and their request for

20 a hearing on the motion to dismiss (Dkt. No. 23).  This case is remanded to the state court.

21

22        DATED this 10th day of March, 2014.

23

24                                         ANDREW P. GORDON

25                                         UNITED STATES DISTRICT JUDGE

26

----

[24] *D'Angelo*, 107 Nev. at 718.

27 [25] *Lippitt*, 340 F.3d at 1041–42.

28 [26] *Id.* at 1041.